IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

T. H. JACKSON,

          Plaintiff,          Civil No. 04-6176 TC

    v.                         FINDINGS & RECOMMENDATION

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

COFFIN, Magistrate Judge:

Pursuant to 42 U.S.C. § 405(g), plaintiff seeks review of the Social Security Commissioner's decision to deny waiver of an overpayment of Social Security Disability Income.

Plaintiff asserts that the Commissioner erred as a matter of law in denying his waiver and issued a decision which is not supported by substantial evidence.

## Factual Background

Plaintiff's previous entitlement to Social Security disability benefits terminated in 1978 due to his return to gainful work activity. Plaintiff regained entitlement to Social Security disability benefits in 1986. As discussed in more detail in the next paragraph, he eventually retrained himself in a new specialty to the point where he could be self-employed part-time which led to full-time employment with extensive accommodation from his public utility employer. His medical condition had not improved since 1986.

Plaintiff was self-employed in part-time gainful activity from April 1995 through December 1995. Plaintiff testified that he notified the SSA by telephone in May 1995 that he was working part-time. Plaintiff was employed full-time from February 1996 through and beyond the date of the ALJ's decision. Plaintiff testified that he notified the SSA by telephone in January 1996 to report he was working full-time with Coos County Electric.

Plaintiff states that he was told by the SSA that there was a trial period of "at least a year" to see if he would be able to continue to work. He was told "we don't just drop you" and that he would receive papers at a later date. He did eventually receive some paperwork asking for additional information regarding his earnings. He

complied with the request and subsequently received a letter from the SSA in February of 1998 that informed him of a slight increase in his check amount due to a credit for additional earnings and cost of living adjustments.

On January 16, 1999, plaintiff was informed that he was no longer entitled to Social Security disability benefits as of May 1996. Plaintiff's entitlement to benefits ceased because he had completed his nine month trial work period[1] and continued to perform substantial gainful activity thereafter. Accordingly, the benefits plaintiff received from May 1996 through January 1999, the month his benefits were suspended, constituted an overpayment totaling $37,187.70.

Plaintiff does not contest any of the above facts, including the cessation of benefits and the calculated amount of overpayment, but asserts only that he was without fault in causing the overpayment of benefits from May 1996 through January 1999. Plaintiff asserts that his waiver of overpayment recovery should not have been denied.

---

[1] This is the same one year trial work period referenced earlier because of the time it takes for the determination and potential change by the SSA.

## Standard of Review

This court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405 (g); <u>Andrews v.Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id</u>. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. <u>Martinez v. Heckler</u>, 807 F.2d 771, 772 (9th Cir. 1986). When evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. <u>Andrews</u>, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001).

## Legal Background

Under section 204(a) of the Social Security Act, an overpayment must be recovered unless relief from repayment can be granted under the waiver provision of the law. 42 U.S.C. § 404 (a). The Secretary may waive repayment of an overpayment if: (1) the claimant was without fault and (2) the recovery would defeat the purpose of the Act or be

contrary to equity and good conscience. See Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir. 1990) and 20 C.F.R. §404.506 (2005).

Fault is defined as:

(a) an incorrect statement made by the individual which he knew or should have known to be incorrect; or

(b) failure to furnish information which he knew or should have known to be material; or

(c)... acceptance of a payment which he either knew or could have been expected to know was incorrect. 20 C.F.R. §404.507; Anderson , supra.

In determining whether an individual is at fault, the SSA will consider all pertinent circumstances, including the individual's age and intelligence, and physical, mental, educational or linguistic limitations. Id.

The claimant in receipt of an overpayment has the burden of proving that he was without fault. Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir. 1990).

## Discussion

Plaintiff argues that he is without fault as he accepted the overpayment because of reliance on erroneous information that the SSA sent him in February of 1998.

20 C.F.R. § 404.510a states:

> Where an individual ... accepts ... overpayment because of reliance on

> erroneous information from an official source within the Social Security Administration ... with respect to the interpretation of a pertinent provision of the Social Security Act..., such individual, in accepting such overpayment, will be deemed to be *without fault*.

As previously noted, the SSA sent plaintiff a letter in February of 1998 that informed him of a slight increase in his check amount due to a credit for additional earnings and cost of living adjustments. The ALJ did not note or address this letter in his opinion, much less analyze it and apply 20 C.F.R. §404.510a.

The letter's continuation and increase of plaintiff's benefits was erroneous information in the context of plaintiff first being told "we don't just drop you" and that he would receive papers at a later date, then plaintiff eventually receiving paperwork asking for information regarding his earnings which he truthfully answered, and then plaintiff subsequently receiving the letter continuing and increasing his benefits. The ALJ's statement that plaintiff "had been told that his entitlement would be extended only for a year," TR 16, is not supported by any substantial evidence, and, in fact, earlier in the opinion the ALJ refers to plaintiff's statement that plaintiff was told there would be a trial work period of "at <u>least</u> a year." TR 15 (emphasis added).

Proper legal standards were not applied and the finding are not supported by substantial evidence in the record.² Plaintiff accepted the overpayment because of reliance on erroneous information. Waiver of repayment of the overpayment is appropriate as claimant was without fault and the recovery would be contrary to equity and good conscience, See 20 C.F.R. §404.512(a); see generally Dorman v. Harris, 633 F.2d 1035, 1040 (2d Cir. 1980); Cucuzella v. Weinberger, 395 F. Supp. 1288, 1294 (D.Del. 1975).

## Conclusion

The decision of the Commissioner should be reversed with plaintiff being entitled to waiver of repayment of the overpayment by the SSA.

DATED this 30t day of November, 2005.

THOMAS M. COFFIN
United States Magistrate Judge

---

²Although this opinion does not rely on it, it should be noted that the analysis of plaintiff's dyslexia is also wanting. See p. 10 of Plaintiff's Brief (#6).

7 - FINDINGS & RECOMMENDATION